[S. F. No. 11378. In Bank.—February 1, 1926.]

In the Matter of the Estate of PHEBE A. HEARST, Deceased. WILLIAM R. HEARST et al., as Executors, etc., Appellants, v. RAY L. RILEY, as Controller, etc., et al., Respondents.

[1] INHERITANCE TAX — DELAY IN DETERMINING AMOUNT — COMPUTATION OF INTEREST.—Where, due to unavoidable delay in the filing of the report of the inheritance tax appraiser, it is not possible for the county treasurer to compute the amount of interest due at the time payments are made on account of the inheritance tax, as neither the amount of the tax nor the interest rate to be charged are then known, and, therefore, the receipts issued by the county treasurer and countersigned by the state controller apply such payments exclusively to principal, the representatives of the estate have the right to rely upon such receipts and, when the amount of the tax and the interest rate to be charged have been fixed by the court, they are only obliged to pay simple interest at the specified rate on the unpaid balances of principal, and the county treasurer and the state controller may not then apply the several payments theretofore made, first, to the payment of the interest due at the specified rate at the time payment was made and, second, the balance to principal, thereby making an increased interest charge.

----

(1) Taxation, 37 Cyc., p. 1584, n. 95.

APPEAL from an order of the Superior Court of the City and County of San Francisco fixing the method of computation of interest on inheritance taxes and the balance of such taxes and interest due. Frank H. Dunne, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Nathan Moran for Appellants.

Dion R. Holm, Leo C. Lennon and Wesley E. Marten for Respondents.

SHENK, J.—This is an appeal from an order of the superior court, in and for the city and county of San Francisco, fixing the method of computation of interest on inheritance taxes and the balance of such taxes and interest due.

On the thirteenth day of April, 1919, Phebe A. Hearst died testate in the county of Alameda, being at the time of her death a resident of the city and county of San Francisco and leaving an estate in California and elsewhere, including New York, South Dakota, and Mexico. In due time the will was admitted to probate. The inventory was presented by the executors to the appraisers, one of whom was the inheritance tax appraiser, on October 2, 1919. Because of the magnitude of the estate, its scattered properties, and various other problems arising in connection with the appraisal, the report of the inheritance tax appraiser was not filed until August 27, 1923. No question of delinquency, laches, or procrastination on the part of the representatives of the estate or of the inheritance tax appraiser is suggested or involved herein. All parties appear to have proceeded with diligence.

For the purpose of the payment of inheritance taxes the estate was appraised at $8,418,506.18. By order of court duly made on September 13, 1923, the amount of inheritance taxes due the state, inclusive of the tax on certain transfers made in contemplation of death and exclusive of the tax on the value of a certain contingent interest secured by bond, was fixed at the sum of $1,020,671.63, of which amount the sum of $949,101.04 was chargeable against the

residuum of the estate. On the same day, to wit, September 13, 1923, the court, upon petition of the executors, made its order fixing the rate of interest to be paid on the inheritance tax. In and by this order the court found that the inheritance tax appraiser had been unable to complete and file his report until the twenty-seventh day of August, 1923, by reason of causes of delay which were unavoidable, and that such unavoidable causes of delay would not be removed until such time as the court should make ''its order confirming the report of the inheritance tax appraiser with an allowance of a reasonable time thereafter within which to compute the amount or amounts of interest which may be due upon the various devises, legacies and transfers upon which such taxes may be payable.'' Also on the same day the court made an order ''that the penalty of ten per cent per annum imposed by Sub. (1) of Sec. 7 of the Inheritance Tax Law of the State of California, Statutes of 1917, for non-payment or delay in payment of the said tax be not charged upon the inheritance taxes found to be due in the above entitled estate, but that interest at the rate of seven per cent per annum be charged upon the said taxes from the expiration of eighteen months after the death of the said decedent until the cause of delay in such payment be removed, and the date at which such cause of delay will be removed is hereby fixed and specified as ten days from and after the date whereupon this court shall make its order confirming the report of the inheritance tax appraiser herein, filed on the 27th day of August, 1923.'' The report of the inheritance tax appraiser was thereupon confirmed. Within the ten-day period the executors tendered to the treasurer of the city and county of San Francisco the sum of $52,249.96, which, with simple interest computations, was the amount they claimed to be the balance due the state. The treasurer refused to accept said amount in full settlement and demanded an additional sum in accordance with his method of computation. On the thirty-first day of October, 1923, the executors filed in said court a petition for instructions and order as to computation of interest. It was alleged in said petition ''That petitioners have made the following payments on account of inheritance taxes due the State of California, in accordance with receipts on file in the office of the Clerk of this court and proceeding, to which

receipts reference is hereby made and the same are deemed incorporated by reference herein: Sept. 24, 1920—$2260.00 in accordance with an order of court fixing inheritance taxes on certain money legacies under the will of decedent, the same being within eighteen months after her death and no interest acquiring thereon. Dec. 8, 1921—$100,000.00—For account of William R. Hearst, residuary legatee and devisee, the same being within the eighteen months period and no interest accruing thereon. Dec. 8, 1921—$100,000.00—For account of William R. Hearst, residue. April 14, 1922—$100,000.00—For account of William R. Hearst, residue. April 20, 1922—$50,000.00—For account of William R. Hearst, residue. May 26, 1922—$100,000.00—For account of William R. Hearst, residue. Sept. 8, 1922—$50,000.00—To pay balance of taxes due from William R. Hearst on residue; remainder to apply on taxes due from various legatees. Feb. 16, 1923—$1691.75—For account of Elizabeth S. Apperson. Feb. 27, 1923—$126,031.96—For account of the five minor grandchildren of decedent and the following legacies: Elbert C. Apperson, Randolph Apperson, A. Flint, Edward R. Clark.'' It was further alleged that the above-mentioned payments and each of them ''were made as and for payments on account of principal of tax due from the respective devisees and legatees to the State of California and not to apply upon interest, if any, which should thereafter be found due to the State of California; that the receipts issued by the Treasurer of the City and County of San Francisco and taken by the executors covering the said payments and each of them'' were in the form more fully set forth by reference and incorporated in the record; ''that the printed forms of receipt so issued have a line or lines for the entering and charging of interest and that no part of said sums, or any of them, were credited to interest, nor was any claim made that any part of said sums so paid would be credited to interest or otherwise than upon principal,'' and that the petitioners made such payments and each of them to apply upon the principal amount of said taxes until the same should be fully paid.

The state controller filed his answer to said petition wherein he admitted that payments were made as alleged by the petitioners, admitted that the receipts issued by the treasurer bore the notations alleged by the petitioners, but

averred affirmatively that the treasurer "when issuing receipts to the petitioners, did so with the understanding that all payments made were to apply first on account of the interest accrued to the date of said payments, and the balance thereof on account of principal." After a hearing upon said petition and answer the court on the twenty-seventh day of February, 1924, made its order wherein it found that the payments made by and through the executors, as evidenced by the receipts, "were not applicable in the manner intended and claimed by the said executors, nor on account of the particular devisees or legatees specified by the said executors, and that all such payments were applicable generally on account of interest and principal on inheritance taxes due upon devises, legacies and transfers, made by the said decedent, and that all such payments were properly applied by the Treasurer of the City and County of San Francisco, first to the interest that had then accrued as of the date of the installment payment, and second, the balance, if any, to the reduction of the principal sum of such taxes and all of them." It was further found that the amount tendered by the executors was incorrect and that the amount due the state at the time of payment as specified by the order of court was the sum of $60,511.76, whereupon the executors paid the latter sum to the treasurer under protest and they prosecute this appeal from the order decreeing that said sum was the amount due the state. They here seek to have said order modified by directing the reimbursement to them of the sum of $8,261.80, the same being the difference between the amount tendered by them and the amount fixed by the court and paid under protest.

[1] The record presents an imposing array of figures but the problems presented are of law and not of accounting. It is the contention of the appellants, first, that the method adopted by the city and county treasurer and the state controller for the application of the advance payments by appellants resulted in effect in an unauthorized compounding of interest as against the various beneficiaries under said will; and, secondly, that if such a method may be adopted under present law it was not pursued in this instance, for the reason that all receipts issued by the treasurer and countersigned by the state controller show that the said payments were at the time of the issuance of said receipts

198 Cal.—6

applied exclusively to principal. On behalf of respondents it is conceded that "the state is inhibited from componding interest, or charging interest on interest" but it is insisted by them that such was not done in this case.

The order fixing seven per cent on deferred payments was made in conformity with section 7 of the Inheritance Tax Act of 1917 (Stats. 1917, p. 880), which was in force at the time of the death of decedent. The pertinent portion of that section is as follows: "Sec. 7. (1) All taxes imposed by this act, unless otherwise herein provided for, shall be due and payable at the death of the decedent, and if the same are paid within eighteen months, no interest shall be charged and collected thereon, but if not so paid, interest at the rate of ten per centum per annum shall be charged and collected from the time said tax accrued. . . . (2) The penalty of ten per cent per annum imposed by subdivision (1) of this section for the non-payment of said tax, shall not be charged in cases where, in the judgment of the court, by reason of . . . unavoidable cause of delay, the estate of any decedent, or a part thereof, cannot be settled at the end of eighteen months from the death of the decedent, but in such cases seven per cent per annum shall be charged upon the said tax from the expiration of said eighteen months and until the cause of such delay is removed. . . . " Concerning the first two payments and their application solely to principal there is no controversy, for the reason that no interest thereon had as yet become chargeable. Receipts therefor were issued, signed by the treasurer and countersigned by the controller, showing application to "Amount of Tax." In the form of receipt was a line to show payment, if any, to "Amount of Interest." This line in each case was left blank so that each receipt indicated unquestionably that the payment was applied to principal. Prior to the order of September 13, 1923, finding that the delays in the ascertainment of the amount of tax were unavoidable and fixing the rate of interest seven different advance payments were made on account of said inheritance taxes as above indicated. The aggregate of these payments exceeded the amount of the principal on the tax chargeable against the devisees and legatees under said will in accordance with the report of the inheritance tax appraiser. Upon each of said seven payments a receipt similar in form to the receipts for the

first two payments was issued, also signed by the treasurer and countersigned by the controller, wherein the whole amount of such payment was applied to "Amount of Tax" and the line providing for an application of any portion of the payment to "Amount of Interest" was left blank, showing no application of any portion of said payment to interest at the time the receipts were issued. To their answer filed November 8, 1923, to the petition of appellants "for instructions and order as to computation of interest" the respondents attached a schedule wherein and whereby they sought and do now seek to apply on account of interest, retroactively as of the time of payment of each of the aforesaid seven payments, the portions thereof that would amount to interest at the rate of seven per cent per annum and to apply the balance to the account of principal retroactively as of the date of such payment. They assume to justify their action on the ground that it is the method of procedure followed in ordinary commercial practice. As defined in the testimony of one of the respondents' witnesses, and upon which testimony the order complained of must largely rest, said commercial method consists in this, that when a payment is made the accrued interest is computed on the entire unpaid balance up to the date of payment, and the payment is applied first to the reduction of interest and the balance, if any, to the reduction of principal. But the undisputed facts disclosed by the record do not permit the respondents to square their action with this definition of said commercial method. In the first place it was not possible to ascertain the amount of the unpaid balance of principal at the time of any of said seven payments, for the reason that the inheritance tax appraiser had not as yet filed his report and it was upon the confirmation of this report that the amount of the tax first became ascertainable (Stats. 1917, p. 896, sec. 16 [2]), and, secondly, the rate of interest at the time of any of said payments was not fixed. It is difficult to perceive how a payment could thus be split when neither the unpaid balance of principal, upon which the accrued interest must be computed, nor the rate of interest was possible of ascertainment at the time of payment. It is true that at the time of the respondents' retroactive compuation in November, 1923, the total amount of principal and the interest rate were certain, but they were not liquidated nor

possible of ascertainment until the court confirmed the report of the inheritance tax appraiser and fixed the rate of interest in September, 1923, which was long after the said seven payments had been made. The same witness testified for respondents that to constitute compound interest it is necessary that there be stated rests at which the interest is computed and added to the principal. He further testified on cross-examination, after making and comparing computations, that the results in money and in the amount of interest to be paid were exactly the same by the said commercial method as by compound interest. It is obvious that to apply the compound interest method or the said commercial method there must be available at the time of the application of payment by the debtor an ascertained principal upon which to compute the interest and a certain rate of interest, neither of which was present at the time of the payments by the appellants. Whatever may be the proper definition of compound interest or of the commercial method, the result of the computation of the respondents as made in this case was to charge interest on interest, a result which, if effected, the respondents concede was unauthorized. If the appellants had not been diligent in anticipating the demands of the state and had retained the entire amount of the principal until the amount of such principal became determined by the confirmation of the report of the inheritance tax appraiser and the court fixed the rate of interest under the statute it would scarcely be contended that they would be liable for more than the amount of the principal and simple interest thereon to the date of payment. Having exercised such diligence it is clear that they should not be subjected to exactions except the same be clearly authorized by statute or by agreement of the parties, and no such authorization is here shown.

The course of action of the respondents in issuing the receipts for the money when and as paid constitutes another reason why they should not now be permitted to contend that said receipts do not mean what they purport to mean on the face thereof. In each instance they indicated that the payment was applied to the "Amount of Tax" in the full amount paid and of the application of no portion of the same on "Amount of Interest," although the form of receipt plainly contemplated that if any portion of the pay-

ment were to be applied to interest the amount should be stated in the space provided for that purpose. The appellants had the right to rely on the receipts as issued and when so relied upon under the circumstances here shown, the respondents may not question their effect. (See *Seward* v. *Fiskin,* 122 Wash. 225 [27 A. L. R. 1208, 210 Pac. 378].)

The order appealed from, in so far as it imposes upon the devisees and legatees under said will, whom the appellants represent, the payment complained of, lacks support in the record. On the contrary, the undisputed facts support the appellants' contentions. The said order is therefore modified by reducing the amount chargeable as against the appellants to the extent of $8,261.80 and the lower court is directed to order reimbursement to appellants of that sum in accordance with the requirements of subdivision (3) of section 11 of said act. (Stats. 1917. p. 891.) The said order is otherwise affirmed.

Richards, J., Curtis, J., Waste, C. J., Seawell, J., and Lawlor, J., concurred.